DECISION OF DISMISSAL
This matter is before the court on Defendant's request for dismissal of Plaintiffs' Complaint.
Plaintiffs filed a Complaint with this court May 11, 2010. Plaintiffs' Complaint indicated that they were appealing tax years "1996 to present." Plaintiffs requested a reduction in taxes asserting that the assessor made a mistake when originally assessing their property. The property under appeal is identified as assessor's Account 135646.
On June 8, 2010, Defendant filed an Answer requesting that the appeal be dismissed because Plaintiffs did not petition the county board of property tax appeals (Board) before appealing to the Tax Court, and have not alleged good and sufficient cause for failing to pursue that procedural right of appeal before coming to the court. Defendant further asserts that dismissal is warranted because Plaintiffs did allege an error in value of at least 20 percent.See generally ORS 305.288.
The court held an initial case management conference August 25, 2010. Presiding Magistrate Tanner gave Plaintiffs until September 29, 2010, to submit to the court a written response to Defendant's request for dismissal. Plaintiffs missed the September 29, 2010, deadline. *Page 2 
Shortly after the September 29, 2010, deadline, Plaintiffs submitted a letter to the court on October 4, 2010, requesting an extension of time until November 15, to respond to Defendant's dismissal request. By Order of this court filed October 11, 2010, Plaintiffs' request for extension was denied. Accordingly, the court has reviewed and considered Defendant's dismissal request and finds the request should be granted because the request for dismissal is well-founded.
Defendant requested that the court dismiss Plaintiffs' appeal for the reasons set forth above and Plaintiffs failed to respond to that request within the time prescribed by the court. Accordingly, the court is ruling on the motion based on the pleadings.
To begin with, Plaintiffs' Complaint is insufficient on its face. Additionally, Plaintiffs have not shown that the court has jurisdiction to hear their appeal.
As to the sufficiency of Plaintiffs' Complaint, Tax Court Rule-Magistrate Division (TCR-MD) 1 B provides that "[t]he complaint shall state the nature of the plaintiff's interest; the facts showing how the plaintiff is aggrieved by the order, act, omission, or determination; and the grounds upon which the plaintiff contends it should be reversed or modified." Additionally, when the appealing party is seeking a reduction in real market value (RMV), Tax Court Rule (TCR) 18 B requires the "party seeking a change of the value shown on the assessment records [to] plead the dollar amount of the real market value claimed by that party.
Plaintiffs' Complaint made a general request for a reduction in "taxes" based on an alleged mistake in the original assessment of the property, but no specific dollar amount was pled. In an appeal to the Tax Court, a reduction in property taxes is attained by succeeding in obtaining a reduction in value. Plaintiffs' Complaint fails to comply with either of the Tax Court rules set forth above. Their Complaint is therefore insufficient on its face. *Page 3 
Turning to the jurisdictional deficiency, which formed the basis of Defendant's dismissal request, Plaintiffs failed to petition the Board before appealing to the court, and the court's jurisdiction is therefore limited to the provisions of ORS 305.288. That statute requires either a recitation of facts demonstrating that Plaintiffs were prevented from petitioning the Board due to extraordinary circumstances beyond their control, or an alleged error in value of at least 20 percent. ORS 305.288(3) and (5) (allowing the court to consider what amounts to an untimely appeal based on "good and sufficient cause," defined as an extraordinary circumstance beyond the taxpayer's control), and ORS 305.288(1) (pertaining to the 20 percent error rule).
Plaintiffs' Complaint did not contain any facts pertaining to their failure to petition the Board before appealing to the Tax Court. Nor did their Complaint allege an error in value of at least 20 percent. In fact, as indicated above, Plaintiffs did not allege any value. The court's oral ruling at the August 25, 2010, case management conference, generally afforded Plaintiffs the opportunity to respond to Defendant's request for dismissal. Plaintiffs were given more than 30 days to explain why they failed to petition the Board, or specify a value for the property, or both. Plaintiffs' failure to respond by the September 29, 2010, court-ordered deadline, by addressing Defendant's request for dismissal, and thereby curing any defect in their Complaint and addressing the court's jurisdiction, warrants dismissal for lack of jurisdiction.
Now, therefore, *Page 4 
IT IS THE DECISION OF THIS COURT that Plaintiffs' Complaint is dismissed.
Dated this ____ day of November 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon November 12, 2010. The Court filed and entered this documenton November 12, 2010.